WRIGHT, Judge
(dissenting).
I respectfully dissent with even more emphasis than in Ludlam. The issue in this case is not whether records were sufficiently kept under a general statute requiring the keeping of suitable records from which to determine sales tax liability as in Ludlam. It is whether the Department of Revneue has the rule-making power under § 40-23-31, Code 1975, to adopt binding rules enforceable as law.
Surely, the Department under its enforcement powers may — nay, must be able to adopt reasonable rules for enforcing the tax statutes. If its rules may be rejected by the contention, not of unreasonableness, but merely that the taxpayer may choose to follow another means of its own choosing achieving the same end, each taxpayer may challenge every rule by showing that they have achieved the same result but by another means. It is obvious that chaos in enforcement would result. Rules would mean nothing.
The requirement of meters to measure taxable and exempt gas and electricity furnished to a manufacturer by a utility such as Shellcast is clearly reasonable. Its reasonableness was not challenged in response to motion for summary judgment. Shell-cast has admitted failure to install meters in accord with a long established rule. It merely contends it has another method for measuring the exempt from the taxable and it should not be barred by the rules. I submit that the majority decision has the effect of negating the rule-making power of the Department of Revenue. A taxpayer may refuse to use the forms and methods of the Department by claiming that he can as easily pay his tax with his own forms. I submit that the judgment below should be affirmed.